```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Rayshawn Johnson,

    Petitioner,

    v.                                    Case No. 1:02-cv-220

Margaret Bagley, Warden,

    Respondent.

### OPINION AND ORDER

Final judgment granting the petition for a writ of habeas corpus on petitioner's sixth ground for relief, and directing the State of Ohio to commute petitioner's sentence of death or grant him a new mitigation hearing within 180 days, was entered on April 24, 2006. (Doc. # 74.) This matter is before the Court on respondent's motion to stay the Court's judgment pending appeal (Doc. # 77), and petitioner's application on cross-appeal for a certificate of appealability on his first, fourth, and fifth grounds for relief, as well as this Court's decision denying his motion for leave to amend his petition (Doc. # 80).

### I. Overview

On April 24, 2006, the Court issued judgment denying the petition for a writ of habeas corpus except as to sub-parts B, C, and D of petitioner's sixth ground for relief. Specifically, the Court concluded that petitioner had received constitutionally ineffective assistance of counsel during the mitigation phase of his capital case and directing the State of Ohio "to commute petitioner's death sentence or grant petitioner a new mitigation hearing within one hundred and eighty (180) days of the date of this Opinion and Order." (Doc. # 74, at 137.)

On May 17, 2006, respondent filed a notice of appeal. (Doc. # 76.)  On that same day, respondent also filed a motion to stay the execution of the writ of habeas corpus pending appellate review of this Court's judgment. (Doc. # 77.)

On May 30, 2006, petitioner filed a notice of cross-appeal. (Doc. # 79.)  On that same day, petitioner also filed an application for a certificate of appealability on his first, fourth, and fifth grounds for relief, and on this Court's denial of his motion for leave to amend his habeas petition. (Doc. # 80.) Respondent filed a memorandum in opposition on June 20, 2006 (Doc. # 81), to which petitioner filed a reply on June 30, 2006 (Doc. # 82).

## II.  Motion to Stay Execution of Writ of Habeas Corpus

Citing *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987), and Fed. R. App. P. 23(c) and (d), respondent argues that she has satisfied the conditions warranting a stay of this Court's judgment. Respondent argues that she has demonstrated a likelihood of success on the merits, or at least a substantial case on the merits, given the fact that petitioner's claims of ineffective assistance of trial counsel have been rejected by every Ohio court that has reviewed them.  Respondent further argues that there will be irreparable harm if the stay is not granted, not only because her appeal would be mooted if no stay is entered but also because the State of Ohio would have to expend considerable time, energy, and resources to prepare for a new sentencing hearing that might not be necessary.  Moreover, according to respondent, petitioner would not be substantially injured by a stay because this Court did not order his release and because petitioner still faces the

2

likelihood of life imprisonment. Finally, respondent argues that public interest would be served by a stay because this Court has overturned a state judgment rendered by twelve citizens of Ohio and because the great strain the State would have to endure preparing for a new sentencing hearing militates in favor of a stay, pending appellate review of this Court's decision overturning the original judgment.

Petitioner, who has filed a notice of cross-appeal and request for a certificate of appealability regarding several claims that this Court rejected (Doc. #'s 79, 80), did not file a brief opposing or otherwise responding to respondent's motion to stay execution of the writ of habeas corpus.

District courts have broad discretion to determine whether a petitioner who prevails in habeas corpus should be released pending appellate review of the decision granting habeas relief. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992). The factors to be considered are those governing "the general standards for staying a civil judgment." *Hilton*, 481 U.S. at 775. Specifically, the Court must balance the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Hilton*, 481 U.S. at 776; *Workman*, 958 F.2d at 166. These four

factors clearly militate in favor of staying execution of the writ of habeas corpus pending appellate review.  Petitioner does not appear to argue otherwise.

The Court is persuaded that respondent has demonstrated, at the very least, a "substantial case on the merits," *Hilton*, 481 U.S. at 778.  This Court is mindful, as respondent points out, that every Ohio court that reviewed petitioner's claim of ineffective assistance of counsel during mitigation rejected the claim.  This Court's decision concluding otherwise is a fact-intensive decision with which reasonable appellate jurists could disagree.

The Court further agrees that respondent will suffer some injury absent a stay.  Respondent seeks to appeal this Court's decision finding that petitioner received constitutionally ineffective assistance of counsel during his mitigation hearing.  If the Court does not stay execution of the writ of habeas corpus, and the State of Ohio is forced to conduct a new mitigation hearing, respondent's appeal of this Court's decision might be rendered moot.  Further, absent a stay, the State of Ohio might be forced to expend considerable time and resources preparing for a new mitigation hearing that might not be necessary, were the Sixth Circuit to reverse this Court's decision.

Concomitantly, issuance of the stay will not substantially injure petitioner.  In its decision granting relief, this Court expressly noted that nothing in its "order invalidates or calls into question petitioner's underlying convictions or the other sentences that he received in addition to this death sentence." (Doc. # 74, at 138 n.8.)  The State's interest in continuing custody will be strongest, and petitioner's interest in release

4

weakest, "where the remaining portion of the sentence to be served is long...." *Hilton*, 481 U.S. at 777; *see also Workman*, 958 F.2d at 167.

Finally, for all of the reasons discussed above, the Court concludes that the public interest lies in staying execution of the writ of habeas corpus pending appellate review.  This Court remains convinced that petitioner is entitled to a new mitigation hearing, but the Court is mindful of the substantial hardship and cost to the State of Ohio in preparing for and conducting a new mitigation hearing and must balance the interests of the state in avoiding that hardship and cost against the possibility that this Court's judgment could be reversed on appeal.  In this regard, it also bears mentioning that petitioner seeks to appeal this Court's decision denying habeas relief on his first, fourth, and fifth grounds for relief.  It therefore makes little sense not to stay the Court's order directing the State of Ohio to conduct a new mitigation hearing when the constitutional validity of all of petitioner's convictions and sentences will be subject to appellate review.

For the foregoing reasons, respondent's motion for a stay of execution of the writ of habeas corpus pending appellate review, (Doc. # 77), is **GRANTED**.

### III. Application for Certificate of Appealability

Arguing that his grounds for relief make a "substantial showing of the denial of a constitutional right," or at the very least, present issues that are debatable among jurists of reason and deserve further litigation on appeal, petitioner seeks a certificate of appealability concerning issues of judicial and

juror misconduct, judicial bias, and prosecutorial misconduct. (Application, Doc. # 80, at 6-8.)  In his first ground for relief, petitioner raised a claim alleging judicial and juror misconduct stemming from an incident in which the trial judge gave one of petitioner's jurors a ride following the first day of testimony in the state's case in chief.  Petitioner argued in his fourth ground for relief that the trial judge demonstrated bias against him throughout his trial, culminating in bitter remarks made by the trial judge in sentencing petitioner.  Finally, in his fifth ground for relief, petitioner raised a claim challenging numerous incidents of prejudicial misconduct on the part of the prosecution. Petitioner sought leave to amend his petition to add facts and arguments in support of his first ground for relief, which motion this Court denied, due in part to petitioner's undue delay in filing the motion.

Respondent opposes petitioner's application for a certificate of appealability.  (Memorandum in Opposition, Doc. # 81.)  In short, respondent argues that petitioner has failed to demonstrate that reasonable jurists would find wrong or debatable this Court's decision denying relief on grounds one, four, and five, and denying petitioner's motion for leave to amend the petition.

An appeal from the denial of a habeas corpus action may not proceed unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. §2253(c)(1).  To warrant a certificate of appealability, a petitioner must make a substantial showing that he was denied a constitutional right.  28 U.S.C. §2253(c)(2); see also Barefoot v. Estelle, 463 U.S. 880 (1983); Lyons v. Ohio Adult Parole Authority, et al., 105 F.3d 1063 (6th Cir. 1997).  He need

not demonstrate that he will prevail on the merits; he needs only to demonstrate that the issues he seeks to appeal are deserving of further proceedings or are reasonably debatable among jurists of reason. *Barefoot*, 463 U.S. at 893 n.4. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy 28 U.S.C. §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### Ground One – Judicial and Juror Misconduct

In this claim, petitioner argued that he was denied due process and a fair trial because Judge Robert Ruehlman, the trial judge, gave Janet Miller, one of the jurors, a ride to her car at the park and ride after she missed her bus on an evening when strong thunderstorms were forecast. Counsel for petitioner, rather than Judge Ruehlman himself, raised the matter the next day, and Judge Ruehlman permitted counsel to question Ms. Miller concerning the incident. Ms. Miller indicated that she and the judge did not discuss the case during the twenty-minute ride. She also stated that she did not mention anything about the ride to her fellow jurors, and that Judge Ruehlman instructed her not to discuss the matter with anyone.

In denying petitioner's claim, as well as his request for an evidentiary hearing on the claim, this Court concluded that the Supreme Court of Ohio, in rejecting petitioner's claim on direct appeal, did not contravene or unreasonably apply controlling Supreme Court precedent and did not unreasonably determine the facts based on the evidence presented. This Court noted, as the

7

Ohio Supreme Court had, that the trial judge's actions created an appearance of impropriety, and further, that the better course of action would have been for the trial judge to have arranged for another judge to preside over the inquiry of the juror.  That said, the Supreme Court of Ohio, after considering relevant federal law, concluded that any error in the trial judge's actions was harmless.

This Court, in reviewing the Ohio Supreme Court's decision denying petitioner's claim on the merits, considered relevant federal law, presumed as correct the factual findings made by the Ohio Supreme Court, and factored into its review depositions of Judge Ruehlman and Ms. Miller that were taken during federal habeas discovery.  This Court found no violation of petitioner's rights to due process or a fair trial.  Specifically, this Court found that there was ample evidence that severe weather had been predicted sufficient to give credence to Judge Ruehlman's assertion that he had been worried about the prospect of Ms. Miller being stranded at the bus stop with strong storms approaching.  The Court also noted that Ms. Miller had testified during her federal habeas deposition that she felt that she had been a fair and impartial juror, and that there was no evidence in the record suggesting otherwise. Finally, the Court emphasized that everything in the record indicated that the contact between Judge Ruehlman and Ms. Miller during the twenty-five minute car ride had been innocuous, with the communication between them consisting of only "small talk."

The Court is satisfied, however, that reasonable jurists could find its decision wrong or debatable.  Given the importance of the constitutional rights involved, the undeniable appearance of impropriety occasioned by Judge Ruehlman's actions – not only in

giving Ms. Miller a ride, but then in failing to disclose the matter to the parties and in presiding over the hearing to determine whether Ms. Miller had been unduly biased by the contact – and the fact-intensive nature of the issue, the Court is satisfied that petitioner's first ground for relief is deserving of further litigation on appeal. Accordingly, the Court certifies the following issue for appeal:

> **1.    Did the trial judge violate petitioner's rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution when he had personal contact with a juror during the pendency of the capital trial?**

### B.   Ground Four – Judicial Bias

Petitioner argued in his fourth ground for relief that Judge Ruehlman, the trial judge in this case, made statements before and during the trial and sentencing hearing which allegedly demonstrated his bias against petitioner. Petitioner also relied on the affidavit of a juror, in which the juror stated that the judge's facial expressions during the cross-examination of the witnesses by the defense confirmed the juror's feelings that the defense's argument wasn't going anywhere. In his request for a certificate of appealability, petitioner asserts that "[f]rom pretrials to voir dire to the trial and through final sentencing, Judge Ruehlman manifested an appearance of bias." (Application, Doc. # 80, at 23.)

In his petition and traverse, petitioner highlighted fourteen different comments, rulings, or "physical manifestations of bias" on the part of Judge Ruehlman. (Application, Doc. # 80, at 17.). The Court discussed each in its April 24, 2006 Opinion and Order and that discussion will not be recounted herein. It is sufficient

for purposes of this order to note that Judge Ruehlman, according to petitioner, exhibited annoyance with the defense team and personal disdain towards petitioner, appeared to prejudge petitioner's guilt and presume his conviction, and displayed various stereotypes with respect to African-Americans. Applying de novo review due to the failure of the state courts to address the merits of petitioner's claim during state postconviction review, this Court concluded that those instances of alleged judicial bias, considered individually and as a whole, did not warrant relief.

The Court is satisfied, however, that this issue warrants further consideration on appeal. Given the number of incidents highlighted by petitioner, the uncertainty about whether or to what extent a juror's affidavit regarding his impressions of the trial judge's actions and comments should be considered, and the importance of the constitutional rights involved, the Court is persuaded jurists of reason could find its decision wrong or debatable and that petitioner has made a substantial showing that he was denied his constitutional rights. Accordingly, the Court certifies the following issue for appeal:

> **2. Did the trial court violate petitioner's rights to a fair trial and due process by manifesting bias against petitioner in violation of the Sixth and Fourteenth Amendments to the United States Constitution?**

<u>Ground Five – Prosecutorial Misconduct</u>

Petitioner argued that he was denied a fair trial due to prosecutorial misconduct. Specifically, petitioner attacked remarks made by the prosecution during voir dire and during both the guilt-phase and penalty-phase closing arguments. In urging this Court to certify the issue for appeal, petitioner asserts

10

that, "[r]ather than let the evidence speak for itself, the prosecutors made improper statements to the jurors – all calculated to help secure a conviction and death sentence." (Application, Doc. # 80, at 23.)

In his petition and traverse, petitioner offered eight different remarks made by the prosecution during voir dire or closing arguments. In its April 24, 2006 Opinion and Order, the Court considered each remark against relevant decisions by the United States Supreme Court and the Sixth Circuit; that full discussion will not be recounted herein. It is sufficient for purposes of this order to note that the prosecutors, according to petitioner, made remarks during voir dire that improperly described the burden of proof and other sentencing considerations, and made inappropriate statements during closing arguments expressing personal opinions, appealing to the jurors' emotions and fears, mischaracterizing aggravating circumstances, and denigrating petitioner's mitigation evidence. Applying de novo review due to the failure of the Ohio Supreme Court to enforce the waiver rule stemming from petitioner's failure to object to the instances at trial, this Court concluded that those instances of alleged misconduct, considered individually and as a whole, did not warrant relief under controlling Supreme Court and Sixth Circuit precedent. *See, e.g., Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003) ("Even if the prosecutor's conduct was improper or even universally condemned, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair").

The Court is satisfied, however, that this issue warrants further consideration on appeal. In rejecting petitioner's claim,

11

this Court agreed that many of the prosecutor's remarks were inappropriate and deliberate, but were insufficient to warrant relief because they were isolated or were cured by jury instructions. The Court concludes that reasonable jurists could disagree, given the number of comments asserted by petitioner and the considerable attention that the Sixth Circuit has given to such claims of prosecutorial misconduct. *See, e.g., Bowling v. Parker*, 344 F.3d 487, 512-18 (6th Cir. 2003). Accordingly, the Court certifies the following issue for appeal:

> **3. Did the prosecution commit acts of misconduct during the capital trial, violating petitioner's substantive and procedural due process rights to a fair trial and reliable sentence under the Sixth and Fourteenth Amendments to the United States Constitution?**

<u>Motion for Leave to Amend the Petition</u>

On February 24, 2006 – almost four years after his petition was filed, approximately two and a half years after juror Janet Miller was deposed in connection with his first ground for relief, and nearly eighteen months after discovery was closed in this case – petitioner filed a motion to amend his habeas corpus petition. (Doc. #71). Specifically, petitioner sought to add to his first ground for relief, wherein he had argued that his rights to due process and a fair trial were violated by improper, personal contact between the trial judge and a juror during the pendency of his capital case, additional facts alleging that his rights to a fair trial and impartial jury were violated because juror Janet Miller testified during her deposition that she felt nervous after having been seen by petitioner while petitioner was looking out of a jailhouse window and Ms. Miller was sitting at a bus stop just before the trial judge offered to give her a ride. This Court

denied petitioner's motion primarily because of his undue delay in bringing it, but also because of the potential for additional delay and prejudice to the State. In any event, the Court also concluded that petitioner's new allegations would not warrant relief on his first ground for relief. Petitioner requests the Court to certify the issue for appeal, arguing that this Court abused its discretion because "[d]elay by itself is not sufficient reason to deny a motion to amend." (Application, Doc. # 80, at 29, citations and internal quotation marks omitted.)

Initially, the Court notes some uncertainty regarding whether it is necessary to certify for appeal a procedural ruling such as one denying a motion for leave to amend the petition. The parties did not address this issue. However, this Court is aware of at least one unreported decision by the Sixth Circuit in which a certificate of appealability was granted on the issue of whether the district court had abused its discretion in denying the petitioner's motion for leave to amend his habeas corpus petition. *Wiedbrauk v. Lavigne*, No. 04-1793, 2006 WL 1342309 (6th Cir. (Mich.) May 17, 2006), *3. Out of an abundance of caution, the Court will assume that a certificate of appealability is required for petitioner to appeal the Court's decision denying his motion for leave to amend the petition.

For the following reasons, the Court concludes that petitioner has demonstrated that reasonable jurists could find wrong or debatable this Court's decision denying his motion for leave to amend the petition. First, petitioner not only cited cases in which leave to amend the petition was granted even though the delay was longer than it was in this case, *see, e.g., Security Ins. Co.*

13

*v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995), but also distinguished cases upon which this Court relied in denying his motion, *see e.g., Coe v. Bell*, 161 F.3d 320 (6th Cir. 1998). Second, this Court has already concluded that petitioner's first ground for relief warrants further litigation on appeal, due to the importance of the constitutional rights involved, the undeniable appearance of impropriety occasioned by Judge Ruehlman's actions, and the fact-intensive nature of the Court's decision. Those reasons also militate in favor of certifying for appeal this Court's decision denying petitioner's motion for leave to amend his petition to add facts and arguments in support of his first ground for relief. Thus, the Court certifies the following issue for appeal:

> **4.     Did the district court abuse its discretion in denying petitioner's motion for leave to amend his petition?**

### IV.  Conclusion

For the foregoing reasons, respondent's motion to stay execution of the writ pending appellate review, (Doc. # 77), is **GRANTED**, and petitioner's application for a certificate of appealability, (Doc. # 80), is **GRANTED.**

**IT IS SO ORDERED.**

*s/James L. Graham*
**JAMES L. GRAHAM
United States District Judge**

**DATE:  July 31, 2006**